# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 21, 2013

Lyle W. Cayce
Clerk

No. 12-60721
Summary Calendar

YAROSLAV KOST,

Petitioner,

v.

ERIC H. HOLDER, JR., U.S. ATTORNEY GENERAL,

Respondent.

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A073 113 613

Before HIGGINBOTHAM, OWEN, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Yaroslav Kost petitions this court for review of the Board of Immigration Appeals' (BIA) decision dismissing his appeal of the Immigration Judge's (IJ) denial of his applications for asylum and withholding of removal. Kost was born in 1964 in the Ukraine, which was then a part of the Union of Soviet Socialist Republics (USSR); however, he moved from the Ukraine to Russia prior to the dissolution of the USSR. He argues that the BIA erred as a matter of law in holding that he failed to prove that he is a person with no nationality under

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

8 U.S.C. § 1101(A)(42), and that the BIA erred by failing to address whether he had demonstrated a well-founded fear of persecution in Russia.

Absent a finding by the Attorney General that it is in the public interest for an individual alien to receive asylum in the United States, which has not occurred in this case, only persons who are "refugees" within the meaning of § 1101 are eligible for asylum.  8 U.S.C. § 1158(a); *see Faddoul v. INS*, 37 F.3d 185, 190 & n.6 (5th Cir. 1994).  To qualify for refugee status, one must demonstrate that his life or freedom would be threatened on account of his race, religion, nationality, membership in a particular social group, or political opinion in the country of his nationality, or, in the case of a person with no nationality, the country of his last habitual residence.  *See id.* § 1158(a)(2)(A).

We find it unnecessary to determine whether Kost is a person with "no nationality" for purposes of § 1101 because he has failed to establish that he has been persecuted or that he has a well-founded fear of persecution in any country. The record belies his contention that the BIA failed to consider whether he established a well-founded fear of persecution in Russia.

Consequently, the petition for review is DENIED.